FILED
2015 Apr-30  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SUMMIT AUTO SALES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **01-CV-2015-901190** |
| | ) | |
| **DRACO, INC., D/B/A** | ) | |
| **YANKEE FORD SALES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Defendant Draco, Inc., d/b/a Yankee Ford Sales ("Yankee Ford"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal removing this civil action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama.  In support of the Notice of Removal, Yankee Ford states as follows:

### ALLEGATIONS

1.      On or about March 24, 2015, Plaintiff Summit Auto Sales, Inc. ("Summit") filed a Complaint in the Circuit Court of Jefferson County, Alabama (the "Complaint").

2.      In the Complaint, Summit asserts claims for breach of contract, fraud, suppression, fraudulent deceit, violation of Maine Revised Statutes Title 10, § 1471, *et seq*., and violation of Maine Revised Statutes Title 10, §1477 ("Maine Unfair Trade Practices Act," or "MUTPA").

{BH255052.1}

## REMOVAL PROCEDURES

3.      In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Yankee Ford is attached hereto as **Exhibit 1**, along with other documents contained in the state court filing.

4.      Yankee Ford was served with the Complaint on 03/31/15.  *See* Exhibit 1, Return of Service.  Accordingly, Yankee Ford files this Notice of Removal within thirty days of service of the summons and complaint upon it as required by 28 U.S.C. § 1446(b).   Note that although Yankee Ford relies in part on Summit's pre-suit settlement demand letter, the thirty-day period runs from the date of service of the Complaint and not the date of the pre-suit demand.  *See Jade East Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F.Supp. 890, 891-92 (N.D. Fla. 1996) ("Here, the demand letter was sent before the initial pleading was filed.  Although the defendant may utilize information from such a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b).").

5.      In accordance with 28 U.S.C. § 1446(d), Yankee Ford will promptly file a Notice of Filing Notice of Removal with the Circuit Court of Jefferson County, Alabama, a copy of which is attached hereto as **Exhibit 2**, and Yankee Ford has given written notice of this Notice of Removal to Summit by contemporaneously serving it on Summit's counsel.

## JURISDICTION AND VENUE

6.      Removal of this case is proper under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.     As required by 28 U.S.C. §1441(a), Yankee Ford has removed this case to the United States District Court for the Northern District of Alabama, the District Court embracing the place where the civil action is pending.

8.     Moreover, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this civil action is between citizens of different states and the amount in controversy exceeds $75,000.

### A.     Diversity of Citizenship

9.     Summit is an Alabama Corporation and has its principal place of business in Jefferson County, Alabama. *See* Complaint, ¶ 1.

10.     Yankee Ford is a Maine Corporation with its principal place of business in Maine. *See* Complaint, ¶ 2; **Exhibit 3**, Declaration of Joseph Manning.

### B.     Amount in Controversy

11.     To ascertain the amount in controversy, courts consider the notice of removal and all other evidence presented by the defendant, which can include documents received from the plaintiff and the defendant's own evidence. *Pretka v. Kolter Ciy Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). "The Court may, as appropriate, use deduction, inference, or other extrapolation to find the amount in controversy when it is not perfectly clear on the face of the documents." *Id.* at 754. In addition, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.*

> ### i.     *The Complaint, as informed by Summit's pre-suit settlement demand, reveals that the amount in controversy exceeds $75,000.*

12.     The Complaint asserts claims for breach of contract, fraud, suppression, fraudulent deceit, violation of Maine Revised Statutes Title 10, § 1471, *et seq.*, and violation of the Maine Unfair Trade Practices Act, MUTPA. In the section entitled "Background Facts,

Summit alleges that "[c]urrent actual damages are estimated to be $63,000." *See* Complaint, ¶ 17. For the breach of contract claim, Summit seeks an award of "Thirty-One Thousand One Hundred and No/100 Dollars ($31,100.00), minus the cost of mitigating the damages once vehicles are sold, plus incidental and consequential damages in an amount estimated at Thirty-One Thousand, Seven Hundred Eight-Six and No/100 Dollars ($31,786.00), treble damages, reasonable attorneys' fees, costs of court and any further relief as this Honorable Court deems just." *See* Complaint, third page. For the MUTPA claim, Summit seeks an award of, among other things, the damages available under that statute, including attorneys' fees. *See* Complaint, sixth page. For the fraud counts, Summit seeks an award of, among other things, compensatory and punitive damages.

13.     In analyzing whether the amount in controversy requirement is met, the Court should take into account the attorneys' fees Summit is seeking to recover. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.") (citations omitted); *see* Complaint, Count VI, sixth page (asserting claim under MUTPA and requesting attorneys' fees under that statute); *see VanVoorhees v. Dodge*, 679 A.2d 1077, 1082 (Me. 1996) (citing MUTPA § 213, which provides for recovery of attorneys' fees - "If the court finds, in any action commenced under this section that there has been a violation of section 207, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs incurred in connection with said action.").

14.     In analyzing whether the amount in controversy requirement is met, the Court should take into account the punitive damages that Summit is seeking to recover. *Holley Equip.*

*Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (courts must consider punitive damages when determining the amount in controversy unless it appears to a legal certainty that they cannot be recovered); *see* Complaint, Count II-IV, third-fifth pages (asserting claims for fraud); *see American Honda Motor Co. v. Boyd*, 475 So.2d 835, 839 (Ala. 1985); *Old S. Life Ins. Co. v. Woodall*, 348 So.2d 1377, 1383 (Ala. 1977) (damages recoverable for fraud where there is an intent to deceive or defraud with malice, willfulness or wanton and reckless disregard of the rights of others, include compensatory damages in an amount of the pecuniary loss from the fraud as well as punitive damages).

15.     The Court also should take into account Summit's pre-suit settlement demand in analyzing whether the amount in controversy requirement is met.   A settlement demand, including one made pre-suit, is evidence that courts may consider in determining whether the amount in controversy requirement is met. *Jade East Towers Developers*, 936 F.Supp. at 891-92; *Mark v. Wood Haulers, Inc.*, No. CA 09-0706-CG-C, 2009 WL 5218030, at *8 (S.D. Ala. Dec. 31, 2009); *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F.Supp. 1364, 1368 (M.D. Ala. 1998).   "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Mark*, at * 8, citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).   "What it counts for, however, depends on the circumstances.   Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.   On the other hand, settlement offers that provide 'specific information ... to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Id.*, citing *Jackson v. Select Portfolio Servicing, Inc.*, 2009 WL 2385084, at * 1 (S.D. Ala. 2009); *see also Jackson,* 2009 WL 2385084, at * n 2 ("The demand letter in *Golden Apple*, for example,

tallied up separate elements of hard damages, including software costs, consultant costs and personnel costs."), citing *Golden Apple*, 990 F.Supp. at 1368.

16.     Prior to filing the Complaint, Summit's attorney sent Yankee Ford a settlement demand in the form of correspondence that included detailed information regarding the claims Summit planned to file against Yankee Ford and the damages it would seek in such a lawsuit. (**Exhibit 3** and **Exhibit A** thereto (the "Settlement Demand")).   The Settlement Demand provided a tallying of specific hard damages, including: loss of sales of each of the automobiles ($31,000); costs of shipping the automobiles from the United States to Saudi Arabia ($7,753); estimated costs of shipping the automobiles back from Saudi Arabia to the United States ($9,500); fees incurred for processing and storing the automobiles in Saudi Arabia ($6,533); and, the difference in the value of the automobiles given their prior use as taxis from the sales price ($35,800).   The Complaint, as informed by Summit's pre-suit demand, indicates that its compensatory damages for Yankee Ford's alleged misconduct equal $90,686. (*See also* **Exhibit 3**, **Exhibit A** thereto, "The damage total above is ($90,686).").

17.     Like the settlement demand in *Golden Apple*, Summit's Settlement Demand in this case contains specific information to support Summit's claim for damages and suggests Summit is offering a reasonable assessment of the value of its claim.   The damages listed in the Settlement Demand are thus entitled to substantial weight and they reveal that there is more than $75,000 in controversy.   The Settlement Demand is not fairly viewed as mere puffing and posturing.   Indeed, the only puffing and posturing regarding damages amounts in this case is that which is found in the Complaint, where Summit provides a remarkably unusual statement of damages in a rather obvious attempt to make the amount of damages murky in an effort to avoid removal. *See, e.g.*, Complaint, third page, ad damnum clause.

18.     Summit's breach of contract claim satisfies the amount in controversy requirement.   As discussed above (¶ 16), the Complaint, as informed by Summit's pre-suit demand, indicates that the compensatory damages for Yankee Ford's alleged breach of contract equal $90,686.  (*See also* **Exhibit 3**, **Exhibit A** thereto, "The damage total above is ($90,686).").

19.     Summit's MUTPA claim also satisfies the amount in controversy requirement. The Settlement Demand explained that Yankee Ford has violated Maine's Unfair Trade Practices Act, MUTPA, and that under the MUTPA Summit would be entitled to recover its compensatory damages ($90,686) plus its attorneys' fees.  According to the Settlement Demand, Summit's attorneys' fees recoverable under the MUTPA as of February 18, 2015 totaled $30,198.00. Summit's detailed tally of damages recoverable under the MUTPA equaled "a total of $120,884." (**Exhibit 3**, **Exhibit A** thereto).

20.     Summit's fraud claims also satisfy the amount in controversy requirement. Summit alleges that Yankee Ford "willfully deceived Summit with the intent to induce Summit" to make the allegedly fraudulently misrepresented automobiles.  Complaint, ¶ 38.  As such, Summit can recover both compensatory damages ($90,686) plus punitive damages for its fraud claims. *See Woodall*, 348 So.2d at 1383.  Any punitive damages recovered would be in addition to the more than $90,000 in compensatory damages, thus removing any doubt that the fraud counts satisfy the amount in controversy requirement.

> ii.     *Alternatively, if the pre-suit settlement demand is treated as "other paper" under 28 1446(b), then it is an "other paper" showing that the amount in controversy exceeds $75,000.*

21.     Though a settlement offer can constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b) (*see Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007)), Yankee Ford submits that the proper analysis of a pre-suit settlement demand is to allow

it to inform the inquiry into what damages are sought in the Complaint. *See Mark*, 2009 WL 5218030, at * 8-9. If the Court disagrees and instead considers the proper analysis to be whether the pre-suit settlement demand constitutes "other paper" under 28 U.S.C. § 1446(b), then the Court should conclude that the Settlement Demand is sufficient to meet the amount in controversy requirement as an "other paper" based on the information set forth herein.

## **CONCLUSION**

For the foregoing reasons, Yankee Ford respectfully requests that this civil action be, and is hereby, removed to the United States District Court for the Northern District of Alabama, that this Court assume jurisdiction of this civil action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: April 30, 2015.

*/s/ Daniel J. Martin*
Daniel J. Marin (ASB-8327-D65M)
Attorney for Defendant


JONES WALKER LLP

1819 5th Avenue North
Suite 1100
Birmingham, Alabama  35203
Telephone:  (205)244-5200
Facsimile:  (2050244-5400
Email:  danielmartin@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2015, I served the foregoing by U.S. first class mail, postage prepaid and properly addressed as follows:

Brian J. Ritchey
RITCHEY & RITCHEY, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUMMIT AUTO SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 01-CV-2015-901190 |
| | ) | |
| DRACO, INC., D/B/A | ) | |
| YANKEE FORD SALES, | ) | |
| | ) | |
| Defendant. | | |

# EXHIBIT 1 TO NOTICE OF REMOVAL

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br>Date of Filing:<br>03/24/2015 | ELECTRONICALLY FILED<br>3/24/2015 4:31 PM<br>01-CV-2015-901190.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### SUMMIT AUTO SALES, INC. v. DRACO, INC., D/B/A YANKEE FORD SALES

**First Plaintiff:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☑ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT          _____

---

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

---

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**   RIT018          3/24/2015 4:31:07 PM          /s/ BRIAN J RITCHEY

---

**MEDIATION REQUESTED:**   ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
3/24/2015 4:31 PM
01-CV-2015-901190.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **SUMMIT AUTO SALES, INC.,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * CIVIL ACTION NO. _____ |
| | * |
| **DRACO, INC., D/B/A** | * |
| **YANKEE FORD SALES** | * |
| | * |
| **Defendant.** | * |

## C O M P L A I N T

### JURISDICTION

1.      Summit Auto Sales, Inc. (hereinafter referred to as "Summit") is an Alabama Corporation, with its principal place of business being in Jefferson County, Alabama.

2.      Draco, Inc., d/b/a Yankee Ford Sales, (hereinafter referred to as "Yankee Ford") is a Maine Corporation, doing business unregistered in the State of Alabama.

3.      Yankee Ford conducts business in the state of Alabama through the past sales of vehicles to Summit as well as the operation of an active interactive web site whereby users from the state of Alabama may choose, negotiate, purchase and finance a motor vehicle over their website.

4.      Yankee Ford advertises its automobiles on internet sites that reach customers in the state of Alabama.

5.      Yankee Ford, through its dealings in the state of Alabama, has sufficient contacts with this state to avail itself to the laws of the state of Alabama.

### BACKGROUND FACTS

6.      Paragraphs 1 through 5 are hereby adopted and incorporated herein by reference as if same were set out in full.

7.      Summit sells automobiles to clients overseas.  A client in Saudi Arabia made a request for Mercury Grand Marques and Summit began looking for acceptable vehicles to ship to its client.

8.      Via Yankee Ford's advertisements, Summit became interested in several vehicles being sold by Yankee Ford.  Summit made a request from a sales person named "Marty" regarding the prior use of the Taxis.  Yankee Ford failed to disclose that the prior use of the vehicles were as taxis.

9.     On or about the 23rd day of October, 2013, Summit purchased the following vehicles (hereinafter collectively referred to as the "vehicles") Yankee Ford for the combined amount of Sixty-Nine Thousand Eight Hundred and No/100 Dollars ($69,800.00):

- 2011 Mercury Grand Marques, 2MEBM7FV8BX606951
- 2011 Mercury Grand Marques, 2MEBM7FV6BX607886
- 2011 Mercury Grand Marques, 2MEBM7FV5BX601688
- 2011 Mercury Grand Marques, 2MEBM7FVXBX601217
- 2011 Mercury Grand Marques, 2MEBM7FVXBX601220
- 2011 Mercury Grand Marques, 2MEBM7FV5BX607054
- 2009 Mercury Grand Marques, 2MEHM75V39X632346

10.     Funds were mailed to Yankee Ford on the 31st day of October, 2013.  Yankee Ford accepted said funds and made the vehicles available for delivery.

11.     Throughout the entire process, no representative of Yankee Ford disclosed at any time that the vehicles had prior use as taxis.

12.     After purchasing the vehicles, Summit contracted to sell the vehicles to the buyer in Saudi Arabia for One Hundred Thousand Nine Hundred and No/100 Dollars ($100,900.00).

13.     Summit made arrangements for the vehicles to be shipped to Saudi Arabia.  On or about the 10th day of December, 2013, Summit received a letter from the buyer that the vehicles had not been released from customs because they had a prior use as taxis and as such were not allowed entry into the country of destination.

14.     Summit attempted to resolve situation with Yankee Ford and made many requests for Yankee Ford to clear up the issue with Saudi Arabia Customs.  For over a year, Yankee Ford would not work with Summit to clear up the issue.

15.     On the 30th day of January, 2015, via counsel for Yankee Ford, Yankee Ford finally admitted the real prior for the vehicles was as taxis.

16.     Yankee Ford made no offer to compensate Summit or offer a refund.  Instead, it continued to demand physical evidence that Summit requested the prior use, claiming that such request was a requirement before disclosure.

17.     Current actual damages are estimated to be $63,000.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>

18.     Paragraphs 1 through 17 are hereby adopted and incorporated herein by reference as if same were set out in full.

19.     Summit agreed to purchase vehicles at a value above those which have a prior use as taxis from Yankee Ford.

20.     Summit paid Yankee Ford the value of the vehicles as if they did not have a prior use as taxis.

21.     Yankee Ford accepted the payment from Summit.

22.     Yankee Ford failed to deliver vehicles to Summit that met the value of vehicles with no prior use as taxis.

23.     Summit subsequently sold the vehicles to a third party for an amount over the price it paid for it, with an understanding that they were vehicles that did not have the diminished value of those with a prior use as taxis.

24.     Said vehicles were refused entry into Saudi Arabia upon the discovery that the vehicles had a prior use as taxis, which were not legal for import into Saudi Arabia.

25.     Under Alabama Code §7-2-713, Summit is entitled to "the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages".

WHEREFORE, PREMISES CONSIDERED, Summit respectfully requests this Honorable Court to grant an award of Thirty-One Thousand One Hundred and No/100 Dollars ($31,100.00), minus the cost of mitigating the damages once vehicles are sold, plus incidental and consequential damages in an amount estimated at Thirty-One Thousand, Seven Hundred Eight-Six and No/100 Dollars ($31,786.00), treble damages, reasonable attorneys' fees, costs of court and any further relief as this Honorable Court deems just.

## COUNT II
## FRAUD

26.     Paragraphs 1 through 25 are hereby adopted and incorporated herein by reference as if same were set out in full.

27.     Yankee Ford represented to Summit that it was selling used vehicles which carried the value of vehicles which did not have a prior use as taxis.

28.     Yankee Ford represented through the price for the vehicles that they did not have a prior use as taxis, which have a reduced value.

29.     Summit relied upon said representations and tendered money to purchase said vehicles.

30.     Summit further acted upon the reliance of said representations by selling the vehicles to a third party after it had acquired what it believed were the vehicles represented by Yankee Ford as not having a prior use as taxis.

31.     Due to Summit's reliance upon said representations, it has been damaged by the loss of profits and loss of reputation in the marketplace of automobile sales.

WHEREFORE, PREMISES CONSIDERED, Summit respectfully requests this Honorable Court to grant an award of Thirty-One Thousand One Hundred and No/100 Dollars ($31,100.00), minus the cost of mitigating the damages once vehicles are sold, plus incidental and consequential damages in an amount estimated at Thirty-One Thousand, Seven Hundred Eight-Six and No/100 Dollars ($31,786.00), punitive damages, reasonable attorneys' fees, costs of court and any further relief as this Honorable Court deems just.

COUNT III
SUPPRESSION

32.     Paragraphs 1 through 31 are hereby adopted and incorporated herein by reference as if same were set out in full.

33.     Yankee Ford had a duty to disclose the prior use of the vehicles to Summit.

34.     Yankee Ford concealed or failed to disclose that material fact.

35.     Yankee Ford's concealing this material fact, or failing to disclose it, induced Summit to purchase the vehicles.

36.     Summit suffered actual damages as a proximate result of purchasing the vehicles.

WHEREFORE, PREMISES CONSIDERED, Summit respectfully requests this Honorable Court to grant an award of Thirty-One Thousand One Hundred and No/100 Dollars ($31,100.00), minus the cost of mitigating the damages once vehicles are sold, plus incidental and consequential damages in an amount estimated at Thirty-One Thousand, Seven Hundred Eight-Six and No/100 Dollars ($31,786.00), punitive damages, reasonable attorneys' fees, costs of court and any further relief as this Honorable Court deems just.

COUNT IV
FRAUDULENT DECEIT

37.     Paragraphs 1 through 36 are hereby adopted and incorporated herein by reference as if same were set out in full.

38.     Yankee Ford willfully deceived Summit with the intent to induce Summit to purchase vehicles at a price higher than the value of vehicles with a prior use as taxis.

39.     Yankee Ford suppressed the prior use of the vehicles when it had a duty to disclose it.

40.     Summit was damaged due to Yankee Ford's suppression of the prior use of the vehicles.

WHEREFORE, PREMISES CONSIDERED, Summit respectfully requests this Honorable Court to grant an award of Thirty-One Thousand One Hundred and No/100 Dollars ($31,100.00), minus the cost of mitigating the damages once vehicles are sold, plus incidental and consequential damages in an amount estimated at Thirty-One Thousand, Seven Hundred Eight-Six and No/100 Dollars ($31,786.00), punitive damages, reasonable attorneys' fees, costs of court and any further relief as this Honorable Court deems just.

COUNT V
VIOLATION OF MAINE REVISED STATUTES TITLE 10, §1475

41.     Paragraphs 1 through 40 are hereby adopted and incorporated herein by reference as if same were set out in full.

42.     Yankee Ford is a dealer and seller as defined in MRS Title 10, §1471 et. Seq.

43.     MRS Title 10, §1475, states, in relevant parts:

> *"Disclosure of Information*
> *1.     Written disclosure statement. No dealer may sell, negotiate the sale of, offer for sale or transfer any used motor vehicle, including any used motor vehicle transferred to another dealer, unless the dealer affixes to the vehicle a conspicuous written statement containing the information required by subsection 2-A.*
> . . .
> *2-A.   Required contents of disclosure statement. The statement required by subsection 1 must contain a complete description of the motor vehicle to be sold, including, but not limited to:*
> . . .
> *B. The dealer's duty to disclose promptly the name and address of the previous owner of the vehicle, or dealer, upon the request of any person, the principal use to which the motor vehicle was put by that owner such as personal transportation, police car, daily rental car, taxi, or other descriptive term, and the type of sale or other means by which the person acquired the motor vehicle, such as trade-in, sheriff's sale, repossession, auction or other descriptive term, to the extent that such information is reasonably available to the person;"*

44.     Yankee did not disclose the prior use on the Buyer's Guide nor disclosed the prior use to any representative of Summit.

45.     Under MRS Title 10, §1477, violations of this section will result in damages in an amount determined by the court of not less than $100 nor more than $1,000 as liquidated damages, and for costs and reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Summit respectfully requests this Honorable Court to grant an award of One Thousand and No/100 Dollars ($1,000.00) as liquidated damages under

MRS Title 10, §1477, plus reasonable attorneys' fees and any further relief as this Honorable Court deems just.

## COUNT VI
## VIOLATION OF MAINE REVISED STATUTES
## TITLE 5, CHAPTER 10, UNFAIR TRADE PRACTICES ACT

46.    Paragraphs 1 through 45 are hereby adopted and incorporated herein by reference as if same were set out in full.

47.    Under MRS Title 10, §1477, "violations of this chapter shall constitute a violation of Title 5, chapter 10, Unfair Trade Practices Act."

48.    There is no qualification listed under this section that requires any further evidence be shown to prove the violation.

WHEREFORE, PREMISES CONSIDERED, Summit respectfully requests this Honorable Court to grant an award to be determined as damages under MRS Title 5, Chapter 10, Unfair Trade Practice Act, plus reasonable attorneys' fees and any further relief as this Honorable Court deems just.

WHEREFORE, PREMISES CONSIDERED, Summit respectfully requests this Honorable Court to grant an award to Plaintiff reflecting the damages listed in the Counts detailed above plus any further damages proved by Plaintiff at trial, plus costs of court and any further relief as this Honorable Court deems just.

Respectfully submitted,

_____
Brian J. Ritchey [RIT018]
Attorney for Plaintiff

**OF COUNSEL**:
Ritchey & Ritchey, P.A.
P.O. Drawer 590069
Birmingham, AL  35259-0069
Telephone: 205/271-3100
Facsimile: 205/271-3111

Serve Defendant Via Certified Mail at:
DRACO, INC., d/b/a YANKEE FORD SALES
165 WATERMAN DR
SOUTH PORTLAND, MAINE 04106-3632

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2015-901190.00 |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### SUMMIT AUTO SALES, INC. V. DRACO, INC., D/B/A YANKEE FORD SALES

DRACO, INC., D/B/A YANKEE FORD SALES, 165 WATERMAN DR, SOUTH PORTLAND, ME 04106

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY BRIAN J RITCHEY

WHOSE ADDRESS IS 1910 28TH AVENUE SOUTH, BIRMINGHAM, AL 35209 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   SUMMIT AUTO SALES, INC.
pursuant to the Alabama Rules of the Civil Procedure

Date   3/24/2015 4:31:19 PM        /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested        /s/ BRIAN J RITCHEY

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                                (Date)

_____                _____                _____
Date                             Server's Signature               Address of Server

_____                _____                _____
Type of Server                   Server's Printed Name            _____
                                                                  Phone Number of Server

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _BJ_____

☐ Agent
☐ Addre

B. Received by (Printed Name)  |  C. Date of Deli

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

DRACO, INC., D/B/A YANKEE FORD ~~SALES~~

165 WATERMAN DR

SOUTH PORTLAND, ME 04106

3. Service Type
☒ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☒ Return Receipt for Merchan
☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 3490 0001 1262 9689

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

SO. MAINE
DCUS

31 MAR '15

PM 3 1

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 03 2015

ANNE-MARIE ADAMS
CLERK



• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUMMIT AUTO SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 01-CV-2015-901190 |
| | ) | |
| DRACO, INC., D/B/A | ) | |
| YANKEE FORD SALES, | ) | |
| | ) | |
| Defendant. | | |

# EXHIBIT 2 TO NOTICE OF REMOVAL

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SUMMIT AUTO SALES, INC.,          )
                                  )
    Plaintiff,                    )
                                  )
v.                                )          CIVIL ACTION NO.:
                                  )          01-CV-2015-901190
                                  )
DRACO, INC., D/B/A                )
YANKEE FORD SALES,                )
                                  )
    Defendant.                    )

---

### NOTICE OF FILING NOTICE OF REMOVAL

---

**PLEASE TAKE NOTICE THAT ON** April 30, 2015, Defendant Draco, Inc., d//a Yankee Ford Sales ("Yankee Ford Sales") filed its Notice of Removal in the United States District Court for the Northern District of Alabama, Southern Division. A copy of the Defendant's Notice of Removal is attached hereto as **Exhibit A**, and it is served and filed herewith.

**PLEASE TAKE FURTHER NOTICE THAT, PURSUANT TO** 28 U.S.C. § 1446, the filing of the Notice of Removal with the United States District Court, together with the filing of this Notice of Filing Notice of Removal, effects the removal of the action, and this Court shall proceed no further unless and until the case has been remanded.

 

*/s/ Daniel J. Martin*
Daniel J. Marin (MAR197)
Attorney for Defendant

JONES WALKER LLP

1819 5ᵗʰ Avenue North
Suite 1100
Birmingham, Alabama  35203
Telephone:  (205)244-5200
Facsimile:  (2050244-5400
Email:  danielmartin@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30ᵗʰ day of April, 2015, I electronically filed the foregoing with the Clerk of Court using the Alafile system which will send notification of such filing to all parties of record:

Brian J. Ritchey
RITCHEY & RITCHEY, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069

/s/ Daniel J. Martin_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUMMIT AUTO SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 01-CV-2015-901190 |
| | ) | |
| DRACO, INC., D/B/A | ) | |
| YANKEE FORD SALES, | ) | |
| | ) | |
| Defendant. | | |

# EXHIBIT 3 TO NOTICE OF REMOVAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUMMIT AUTO SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | **01-CV-2015-901190** |
| | ) | |
| DRACO, INC., D/B/A | ) | |
| YANKEE FORD SALES, | ) | |
| | ) | |
| Defendant. | | |

===========================================================

### DECLARATION OF JOSEPH MANNING

===========================================================

I, Joseph Manning, hereby declare that the following is true and correct:

1.      I am over the age of 19 and am competent to testify as to the matters contained herein based upon my personal knowledge.

2.      I am employed as Treasurer at Draco, Inc., d/b/a Yankee Ford Sales ("Yankee Ford"). I have held that position since 1988. My duties at Yankee Ford include financial management, reviewing the ordering of new vehicles, and monthly financial review. As a result of carrying out such duties, I have gained personal knowledge regarding Yankee Ford, including familiarity with its articles of incorporation, bylaws, registrations to do business, office and personnel locations, locations where Yankee Ford does work, and the nature of Yankee Ford's work.

3.      Yankee Ford is a Maine Corporation with its principle place of business in Maine.

{BH255113.1}

4.      Yankee Ford maintains offices only in Maine, which is the location of the executive offices where management and executive-level decision-making occurs and is also the location where all non-management personnel perform their daily work. Yankee Ford has never maintained any offices outside of Maine.   Yankee Ford has never had managerial or non-managerial personnel whose primary location for performing their work was outside Maine. Yankee Ford has never had offices located in Alabama nor has it ever had personnel whose job activities for Yankee Ford were physically performed in Alabama.

5.      **Exhibit A** hereto is a copy of a letter from attorney Brian J. Ritchey that Yankee Ford received via certified mail on or about February 18, 2015. That letter followed discussions and correspondence between Yankee Ford and Summit Auto Sales, Inc. ("Summit"), and between each of their attorneys, regarding Summit's claim that Yankee Ford violated certain laws in connection with Summit's purchase of automobiles from Yankee Ford.   In those discussions Mr. Ritchey indicated that he would provide a detailed and accurate accounting of the damages he intended to seek in a forthcoming lawsuit against Yankee Ford.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Joseph Manning

Executed on April 29, 2015.

{BH255113.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUMMIT AUTO SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 01-CV-2015-901190 |
| | ) | |
| DRACO, INC., D/B/A | ) | |
| YANKEE FORD SALES, | ) | |
| | ) | |
| Defendant. | | |

# EXHIBIT A TO EXHIBIT 3 TO NOTICE OF REMOVAL

— LAW OFFICES OF —
# RITCHEY & RITCHEY PA
— *Celebrating 50 Years of Legal Service* —

FERRIS S. RITCHEY, JR.
ALBERT E. RITCHEY
GREGORY S. RITCHEY
BRIAN J. RITCHEY

GEORGE M. RITCHEY
(1949-2011)

The Ritchey Building
1910 28th Avenue South
Birmingham, AL 35209

MAILING ADDRESS:
P.O. DRAWER 590069
BIRMINGHAM, AL 35259-0069
TELEPHONE (205) 271-3100
FACSIMILE (205) 271-3111
DIRECT DIAL: (205) 271-3106
EMAIL: BRIAN@RITCHEYLAW.COM

February 18, 2015

**VIA CERTIFIED MAIL**

BARBARA DYER
OFFICE MANAGER
YANKEE FORD SALES
165 WATERMAN DR
SOUTH PORTLAND,  ME  04106-3632

RICHARD H. SPENCER, JR.
REGISTERED AGENT
DRACO, INC., d/b/a YANKEE FORD SALES
P.O. BOX 4510
PORTLAND, ME 04112

RE:   *Sale of following vehicles:*

*2011 Mercury Grand Marques, 2MEBM7FV8BX606951*
*2011 Mercury Grand Marques, 2MEBM7FV6BX607886*
*2011 Mercury Grand Marques, 2MEBM7FV5BX601688*
*2011 Mercury Grand Marques, 2MEBM7FVXBX601217*
*2011 Mercury Grand Marques, 2MEBM7FVXBX601220*
*2011 Mercury Grand Marques, 2MEBM7FV5BX607054*
*2009 Mercury Grand Marques, 2MEHM75V39X632346*

*Date of Purchases: 10/23/2013*

To Whom It May Concern:

Under the provisions of the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 213, Summit Auto Sales, Inc. (hereinafter referred to as "Summit") hereby makes written demand for relief as outlined in that statute.

For background on this matter, please refer to the letter sent to you on the 9th day of January, 2015 (attached for your reference).

Summit believes your actions in this matter violate the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 207.

As a result of this unfair or deceptive act or practice, Summit suffered injury or loss of money as follows:

- Loss of sales of each of the automobiles: $31,100;
- Shipping from US port to SA port: $7,753;
- Estimate shipping from SA port to US port:  $9,500;
- Processing and storage fees by SA office: $6,533;
- Difference in value of vehicles with prior use as taxis from actual sales price: $ 35,800

The damage total above is ($90,686), plus ($30,198) in attorney's fee (which is awarded under the Maine Act), for a total of $120,884.

In order to settle this claim and avoid costly litigation, Summit is willing to receive, in certified funds, the amount of $73,332 for a total settlement of all claims in this matter.

The Maine Unfair Trade Practices Act gives you the opportunity to make a good faith response to this letter with in thirty (30) days. Your failure to do so could subject you to damages, attorney's fee and costs if Summit is required to institute legal action.

Summit also has common law and statutory claims under Alabama law it may bring against Yankee Ford if it decides to take legal action in this matter.

This letter should be treated as notice of a claim under Maine's Unfair Trade Practices Act. Please give this matter your immediate attention. If this office does not hear from you within 30 days of the date of this letter, it will be assumed that you do not wish to settle this matter amicably and legal action against Yankee Ford will be initiated to protect Summit's interests.

Yours very truly,
RITCHEY & RITCHEY, P.A.

Brian J. Ritchey, Esq.

Cc: Raed Badier