FILED

2016 Sep-19  AM 09:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SUMMIT AUTO SALES, INC., | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | |
| | ] | **2:15-CV-00736-KOB** |
| DRACO, INC., D/B/A YANKEE FORD SALES, | ] | |
| | ] | |
| | ] | |
| **Defendant.** | ] | |
| | ] | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's "Motion for Leave to Amend Complaint."

(Doc. 29). For the reasons stated below, the court finds that Plaintiff's Motion is due to be

**DENIED**.

Plaintiff requests leave to amend its Complaint because it asserts that Defendant Draco,

Inc. sold its Yankee Ford dealership in an attempt to avoid liability in this action. Plaintiff

accordingly seeks leave to add ESPO, LLC and additional sellers and buyers of Yankee Ford as

necessary parties and to join claims against them relating to the asset purchase.

Before trial and after the time period for amendment as a matter of course has elapsed, the

court should "freely give leave [to amend] as justice so requires." F. R. C. P. 15(a)(2). This

directive contemplates "the absence of any apparent or declared reason—such as undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc."—indicating that amendment would not further the

1

interests of justice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.* 342 F.3d 1281, 1287 (11th Cir. 2003) ("Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." (citations and quotations omitted)).

The court finds that justice requires denial of leave to amend under the circumstances of this case. First, amendment here would be futile. Plaintiff's allegation that Draco sold its assets to ESPO to avoid *potential* liability is premature. Plaintiff's efforts are more akin to an action for fraudulent transfer that would be more appropriately brought after judgment *if* Plaintiff wins this lawsuit. Further, Plaintiff has failed to demonstrate how this court in Alabama would have personal jurisdiction over the defendants it seeks to add.

Second, Plaintiff fails to show what causes of action it would assert against the suggested defendants that would arise from the transaction at the heart of this case. Plaintiff seeks to "add claims related to [ESPO]'s purchase of Yankee Ford Sales during the pendency of this matter" (Doc. 29, at 1) without stating what those claims are and how they arise out of the same transaction or occurrence as the original complaint. *See* F.R.C.P. 20(a)(2). In its reply to Defendant's opposition, Plaintiff does not elaborate as to what claims it would add against the purchasers of Yankee Ford, except to say that they "*would be related to the sale of the dealership if it is found that the transfer of ownership was made fraudulently in order to avoid liability related to this litigation.*" (Doc. 31, at 4 (emphasis added)). But, as noted above, such claims are premature. This case relates to the sale of seven vehicles, not of the dealership. The court questions what claims Plaintiff could properly join against ESPO and the individual buyers,

2

given that Plaintiff's claims in this action all stem from a transaction between Summit and

Yankee Ford in October 2013, when ESPO, LLC did not yet exist and the asset purchase

agreement had not been executed.

Finally, such an amendment as Plaintiff seeks now, approximately two weeks before the

end of discovery, would cause undue delay and would unduly prejudice Defendant. The court

anticipates that the defendants Plaintiff seeks to add would challenge personal jurisdiction,

among other defenses, causing additional delay. Amendment would prolong unnecessarily the

discovery period that ends soon, on September 23. It would burden Defendant with the cost of

defending ESPO in this suit and with the delay required for conducting additional discovery.

Further, amending the Complaint now, when Defendant has proceeded under one theory of

Plaintiff's case for nearly a year and a half, would force Defendant to grapple with additional

discovery, new parties, and as-yet-undetermined claims without a clear articulation of how the

additions will ultimately relate to the underlying case. *Cf. Tampa Bay Water v. HDR*

*Engineering, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2003) (stating that "[w]hile the lengthy nature

of litigation . . . does not justify denying the plaintiffs the opportunity to amend their complaint,

prejudice is especially likely to exist if the amendment involves new theories of recovery or

would require additional discovery." (citations and quotations omitted)).

Accordingly, the court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Leave

to Amend Complaint.

3

**DONE** and **ORDERED** this 19th day of September, 2016.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE