# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SUMMIT AUTO SALES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:15-CV-736-KOB** |
| | ) | |
| **DRACO, INC., D/B/A** | ) | |
| **YANKEE FORD SALES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

The matter comes before the court on "Plaintiff's Motion to Compel Witnesses'

Testimony at Trial and Issue Subpoenas." (Doc. 84). In its motion, Summit Auto Sales asks the

court to compel the testimony, either in person or via live video conference, of two witnesses it

argues are "necessary witnesses." For the reasons discussed below, the court DENIES Summit's

motion.

This case involves allegations of breach of contract and fraud; Summit alleges Defendant

Yankee Ford Sales misrepresented the prior use history of cars in an attempt to foist

nonconforming goods onto Summit, the purchaser.

During his deposition, Yankee Ford's corporate representative, Joseph Manning,

displayed limited personal knowledge of several matters likely substantive to Summit's effort to

prove its claims. These matters include details about the popularity of certain cars in the used car

market, (doc. 84 at 3), the prior use history of certain cars at Yankee Ford, (doc. 84 at 4), how

Yankee Ford processes cars previously used as taxis, (doc. 84 at 5), and what work Yankee Ford

performed on the specific cars at issue in this case, (doc. 84 at 5). Mr. Manning repeatedly

deferred to either Robert Esposito or Martin Darling as individuals better situated to answer questions related to those issues. (Doc. 84 at 3–5).

Summit deposed Mr. Manning on September 21, 2016. (Doc. 37-30 at 1). According to Yankee Ford, it made Mr. Esposito and Mr. Darling available for deposition, without objection, on that same date. (Doc. 86 at 4). Summit deposed both Mr. Esposito and Mr. Darling on the very next day. (Doc. 37-12 at 1; Doc. 37-22 at 1).

Mr. Esposito and Mr. Darling both live in Portland, Maine, which for the purposes of this motion the court notes is over 100 miles away from Birmingham, Alabama, and thus beyond the court's subpoena powers under Federal Rule of Civil Procedure 45.

Having failed to otherwise secure the testimony for trial of Mr. Esposito or Mr. Darling, Summit now asks this court to compel the two men to either physically appear or to testify via videoconference. But Summit fails to provide *any* legal authority pursuant to which this court could so order these witnesses. The only authority Summit's motion even cites is Federal Rule of Civil Procedure 43; it provides in relevant part that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court *may permit* testimony in open court by contemporaneous transmission from a different location."

Summit does not ask this court to *permit* contemporaneous transmission; it asks the court to *compel* it. But Summit fails to provide any authority under which this court can reach beyond its 100-mile radius to do so. For this reason alone, Summit's motion to compel is due to be denied.

But even assuming Rule 43 does somehow authorize the court to compel Mr. Esposito or Mr. Darling to appear at trial in person or via videoconference, Summit has also failed to show good cause or compelling circumstances. Summit has known for nearly three years that Mr.

Manning does not have personal knowledge of key facts. It immediately supplemented Mr. Manning's lack of personal knowledge of key facts by deposing two men who did have personal knowledge of those key facts. So Summit has known or should have known for nearly three years that it would require Mr. Esposito's and Mr. Darling's testimony at trial. With so much time to guarantee these two men's testimonies in a form acceptable to Plaintiff, whatever mistake, misunderstanding, lack of diligence, or combination thereof resulted in Summit's failing to do so can hardly be described as "good cause in compelling circumstances."

So for the reasons discussed above, the court DENIES "Plaintiff's Motion to Compel Witnesses' Testimony at Trial and Issue Subpoenas." (Doc. 84).

**DONE** and **ORDERED** this 18th day of June, 2019.

_____

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE